■ STATE COMMISSION FOR HUMAN RIGHTS, Petitioner, v. EDMUND M. SPEER, JR., et al., Respondents.— In this proceeding to review certain portions of an order of the State Human Rights Appeal Board dated September 16, 1969, the Court of Appeals has reversed this court's affirmance of said order and has remitted the proceeding to this court, with direction to remand the matter to the Human Rights Appeal Board to determine whether the award for damages for mental anguish and pain and suffering was justified by the evidence (State Comm. for Human Rights v. Speer, 29 N Y 2d 555, revg. 35 A D 2d 107). Accordingly, the matter is remanded to the Human Rights Appeal Board for such determination. The reversal, which was on the dissenting opinion in this court, indicates that the Court of Appeals has taken the view that the Commissioner of Human Rights is authorized to award damages for mental anguish, pain and suffering if such an award is justified by the evidence. Hopkins, Acting P J., Munder, Martuscello, Latham and Brennan, JJ., concur.

■ KENNETH I. WILPON, Respondent, v. RICHARD E. DIAMOND et al., Appellants.— In an action for libel, (1) defendants appeal from portions of two orders of the Supreme Court, Richmond County, namely, (a) from so much of an order dated April 16, 1970 (which order was resettled by an order dated May 14, 1970) as permitted plaintiff to allege certain additional articles deemed by plaintiff to be nonactionable; and (b) from so much of an order dated April 26, 1971 as denied certain portions of defendants' motion to strike out stated allegations of the amended complaint, namely, parts of paragraphs "Sixteenth" and "Seventeenth", which include said additional nonactionable articles; and (2) plaintiff cross-appeals from so much of the order dated April 26, 1971 as struck from the amended complaint certain portions of paragraphs "Third", "Eighth" and "Eighteenth". (The appeals from the order of April 26, 1971 are pursuant to permission of the Special Term.) Order dated April 16, 1970, as resettled, modified by (1) striking from subdivision "A)" of the second decretal paragraph thereof the following: "and, as to any other articles so mentioned, setting forth specifically the connection they have with the action" and (2) substituting therefor a provision allowing plaintiff to include in the amended complaint a list of such other articles and dates of publication, as bearing on the issue of malice, but prohibiting plaintiff from attaching such other articles as exhibits to the amended complaint. As so modified, order dated April 16, 1970, as resettled, affirmed insofar as appealed from. Appeal by defendants from order dated April 26, 1971 dismissed as academic. Order dated April 26, 1971 affirmed insofar as cross-appealed from by plaintiff. Defendants are allowed one bill of $20 costs and disbursements, to cover all the appeals. In our opinion, the order of April 16, 1970 improperly allowed plaintiff to annex as exhibits to his amended complaint complete reproductions of eight newspaper articles (marked Exhibits "B" through "I") upon which no causes of action in libel were brought. We are also of the opinion that the annexed articles do not serve to "explain certain phrases * * * [in the one allegedly libelous article], the full meaning of which will not be conveyed without reference to" the annexed exhibits (De Groot v. Brooklyn Daily Times, 232 App. Div. 683). We make no determination as to the relevancy or admissibility of the eight additional newspaper articles hereinbefore referred to (Schachter v. Massachusetts Protective Assn., 30 A D 2d 540). Hopkins, Munder, Latham and Christ, JJ., concur; Rabin, P. J., not voting.